PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EBONI SUMMERLIN,

                      Plaintiff,

           -against-

THE CITY OF NEW YORK, DET. JOSEPH
MARQUEZ, P.O. JAYME PETRILLO,
JOHN and JANE DOES 1-10, et al.,

                     Defendants.
-----------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Demand

13 CV 1617 (ALC) (KNF)

Plaintiff EBONI SUMMERLIN (hereinafter "Plaintiff") by and through her attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrence of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiff, an African-American woman, is a resident of the State of New York.

8. At the time of the incident, plaintiff lived with her children at 440 East 182nd Street, Bronx, New York 10457.

9. Plaintiff is a thirty (30) year old woman who is employed by the State of New York Office of Mental Health.

10. On January 18, 2013, plaintiff was inside her home when defendant Marquez and NYPD officers broke down her apartment door and entered her apartment at 5:30 am.

11. All the defendant officers were caucasian including defendant Jayne Petrillo who strip-searched plaintiff for drugs while in her apartment. Despite not finding any drugs on plaintiff's person or in her apartment, the officers took her out of her apartment in custody. She was placed in a NYPD police van and then driven around for approximately 6 hours before finally being brought to the 48th precinct.

12. During the course of being driven around in the police van, additional prisoners were added who to plaintiff's belief were all males. Plaintiff was not permitted to use restroom facilities although she requested same and was caused the indignity of urinating in her clothing while in the van with male prisoners.

13. At the precinct, plaintiff was again strip-searched, her arrest processed, and she was finger-printed and then taken to Central Booking around 1 pm.

14. Plaintiff remained inside Central Booking until 5 am the next day when she was released without any charges having been filed against her, without having been brought before a court or judge, nor was she given an explanation as to why she had been treated the way she had been.

15. When plaintiff arrived home she found that her apartment had been ransacked. Furthermore, she learned that her dog was locked in her children's room because the John and Jane Does NYPD officers conducted a search of her apartment, which included a search with a K-9 unit.

16. Because plaintiff had been finger-printed when in custody, the record of her arrest was automatically forwarded to her employer in Albany. As a result, she was suspended from her job and her employment was placed in jeopardy.

17. It took plaintiff several weeks of painful and embarrassing attempts to explain to her supervisors the reasons for her being finger-printed before her explanations were at least overtly accepted.

18. To this day, plaintiff suffers the fears and belief that her employment remains in jeopardy because of Defendants' conduct.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

19. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "18" with the same force and effect as if fully set forth herein.

20. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

21. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

24. As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United

States.

27. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

28. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

29. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

30. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants targeted Plaintiff and discriminated against her by falsely accusing her of a crime because of her race and color and caused her deprivation of her constitutional rights. Defendants nevertheless arrested her knowing that she had committed no crime and this was shown when she was released in less than 24 hours.

33. As a result of these actions, Plaintiff suffered injuries.

### State Law Claims

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff's rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False imprisonment under the laws of the State of New York)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Plaintiff was unlawfully confined, was aware of her confinement and the confinement was not privileged.

42. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINETH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

45. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

46. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City. The conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

47. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

48. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of New York)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. In the course of defendants' egregious conduct in searching plaintiff and plaintiff's apartment they became aware that she was not in any manner in possession of narcotics or any other contraband. Nevertheless, defendants did not release plaintiff from

their custody and control, removed her from her apartment and continued the seizure for nearly 24 hours.

51. Defendants acted with malice when they arrested and continued to hold and process plaintiff for no reason and without any probable cause.

52. Defendants abused the criminal process to violate the plaintiff's civil rights knowing full well that she would have to endure the stigma of her arrest even after the arrest was voided.

53. As a result of defendants' actions, plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the expenses and disbursements of this action;

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 28, 2013

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorneys for Plaintiff*